IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CALVIN J. JACKSON JR.,                                     Case No. 2:25-cv-00889-JR

                        Plaintiff,                          OPINION AND ORDER

              v.

ERIN REYES, RUMSEY, JOE BUGHER,
NURSE CINDY DIETER, NURSE
JOHNSTON,[1]

                        Defendants.
_____

RUSSO, Magistrate Judge:

        Defendants Erin Reyes, Theron Rumsey, Cindy Dieter, Shannon Johnston, Dorothy

Wettlaufer, Aimee Hughes and Brandi Zavala move to dismiss pro se plaintiff Calvin Jackson Jr.'s

complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendants' motion

is granted.

_____

[1] Although not included in the caption, plaintiff lists the following additional defendants (all
Oregon Department of Correction ("ODOC") employees) in the body of his complaint: Dorothy
Wettlaufer, Aimee Hughes, and "Zavala." Am. Compl. pgs. 3-4 (doc. 14).

Page 1 – OPINION AND ORDER

**BACKGROUND**

This case emanates from the "Take Your Shot, Oregon!" ("TYSO") lottery, which "offered various cash prizes for Oregonians who received a COVID-19 vaccination." Defs.' Mot. Dismiss 2 (doc. 22). The TYSO lottery winners were announced in 2021. Order 1 (July 24, 2025) (doc. 8).

The state rules governing the lottery contain the following "Limitation of Liability" section:

> (a) The State of Oregon is not liable for losses, damages, or injuries associated with a person's participation in Take Your Shot, Oregon! or failure to win a prize or be accurately entered in any of the drawings. Participation is voluntary and there is no guarantee that any person will be entered or win a prize.
>
> (b) To protect the privacy of vaccinated Oregonians, the Lottery relies on the Oregon Health Authority to determine which Oregonians have received at least one dose of a vaccine and otherwise meet eligibility requirements for Take Your Shot, Oregon! It is possible a person may be eligible but, through technical issue, human error, or other reason, the person was not included in the list of eligible entries provided to the Lottery. Neither the Lottery, nor the Oregon Health Authority, nor any other state agency are liable for such errors, and such person is not entitled to a prize or any remedy.
>
> (c) A selected winner's identity is confidential until the person consents to proceed with the claim validation and prize claim process. Therefore, the only way to notify a potential selected winner is for the Oregon Health Authority to use the contact information submitted with vaccination records. It is possible such contact information is incorrect. The Oregon Health Authority intends to make equal outreach efforts for all potential prize winners to ensure fairness. In the event that a possible winner is unreachable within the timeline, the Oregon Health Authority is not liable for such failures due to incorrect contact information, technical issue, human error, or any other reason.

Or. Admin. R. 177-054-0100(3).

At all relevant times, plaintiff was an adult in custody ("AIC") at Two Rivers Correctional Institution ("TRCI"). Am. Compl. pg. 4 (doc. 14). Sometime before 2021, plaintiff received a COVID-19 vaccine while at TRCI, which made him eligible to enter TYSO. *Id.* at pgs. 4-6. However, plaintiff's entry was not included because "TRCI medical" failed to provide a phone

Page 2 – OPINION AND ORDER

number, as required by the lottery rules. *Id.* at pg. 5. As a result, plaintiff could not and did not participate in the lottery. *Id.* at pg. 6. He did not learn of his exclusion until after the winners were announced because "TRCI medical" withheld that information. *Id.*

In May 2025, plaintiff initiated this action under 42 U.S.C. §1983 alleging a civil conspiracy and violations of the Fourteenth Amendment's Equal Protection Clause. *Id.* at pgs. 7-8. He also asserts a state law claim for fraudulent concealment. *Id.* at pg. 8. As relief, plaintiff seeks $1,000,000 in compensatory damages and $2,000,000 in punitive damages. *Id.* at pg. 9.

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a pro se plaintiff's claims may be dismissed

without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008).

## DISCUSSION

Defendants contend the amended complaint must be dismissed because: (1) "[p]laintiff does not plead any facts specific to any named defendant," (2) they "are immune from [his] federal claims for money damages under the doctrine of qualified immunity," (3) "Oregon is the only proper defendant for [his] state law claim and is immune from suit under the Eleventh Amendment," and (4) his claims fail at the pleadings level. Defs.' Mot. Dismiss 4, 6-7 (doc. 22).

## I.    Federal Claims

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that: (1) the conduct complained of deprived him or her of an existing federal constitutional or statutory right; and (2) the conduct was committed by a state actor or a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

Qualified immunity shields government officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). To determine whether a government actor is entitled to qualified immunity, the court evaluates, in no particular order, whether: (1) the alleged misconduct violated a right; and (2) that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### A.    Personal Involvement

To show causation in  regard to 42 U.S.C. § 1983, a plaintiff must demonstrate that a particular defendant engaged in "an affirmative act, participat[ed] in another's affirmative act, or

Page 4 – OPINION AND ORDER

omit[ted] to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citation and internal quotations omitted). That is, AICs must "set forth specific facts as to each individual defendant's" causal role in the alleged constitutional deprivation in order to proceed with a § 1983 claim. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Here, the complaint does not individually address any defendant or their specific actions. *See generally* Am. Compl. (doc. 14). In fact, it is unclear from plaintiff's factual allegations (or his opposition) how these parties caused or contributed to the violation of his constitutional rights. *Id.*; *see also* Pl.'s Resp. to Mot. Dismiss 9-10 (doc. 26) (referring generally to "defendants" when discussing "personal involvement" and failing to differentiate in regard to any individual's conduct). Also, "[t]here is no evidence that the ODOC defendants had any role in conducting or administering the lottery. The Oregon State Lottery promulgated the rules that governed the TYSO drawing and the Oregon Immunization Program gathered the data for the lottery." *See Jenkins v. Zavala*, 2026 WL 18565, *5-6 (D. Or. Jan. 6, 2026) (dismissing TYSO claims brought by an AIC under analogous circumstances).

And, with no individual actions alleged, it is impossible for the Court to plausibly infer the existence of a conspiracy. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (a civil conspiracy under § 1983 "is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage . . . To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy") (citation and internal quotation omitted).

In sum, plaintiff's allegations are vague and conclusory, such that it is unclear how and when each defendant caused him harm. *See McHenry v. Renne*, 84 F.3d 1172, 1176-78 (9th Cir. 1996) (each averment of a pleading must be simple, concise, and direct, stating which defendant is liable for which wrong). For this reason, alone, dismissal of plaintiff's federal claims is appropriate.

### B.     Equal Protection

The Equal Protection Clause "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citations and internal quotations omitted). To demonstrate an equal protection claim, the plaintiff must plead "either the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class, or that the plaintiff has been intentionally treated differently from others similarly situated and that there is no rational relationship for the difference in treatment." *Jenkins*, 2026 WL 18565 at *2 (citations and internal quotations omitted). Specifically, to prevail on a "class-of-one" claim,[2] a plaintiff must show that the defendant "(1) intentionally (2) treated [the plaintiff] differently than other similarly situated [individuals], (3) without a rational basis." *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011).

The complaint in this case fails to include well-plead facts sufficient to establish the requisite elements. After learning about TYSO from another AIC, plaintiff alleges that he filed

---

[2] Plaintiff appears to assert a "class-of-one" equal protection claim insofar as he alleges that "ODOC correctly had entered 1,280 AIC's information and allowed those AICs to participate in the lottery, but TRCI failed to include him or inform him of this opportunity." Am. Compl. pg. 2 (doc. 14); *Jackson*, 2026 WL 18565 at *2-3.

"kytes" or grievances.[3] Am. Compl. pg. 5 (doc. 14); Pl.'s Resp. to Mot. Dismiss 8-10 (doc. 26). Defendants apparently responded by indicating "ODOC is not accepting grievances relating to COVID-19 emergency operations, nor general grievances regarding social distancing, isolation, and quarantine of other AI Cs, or modified operations such as the visiting shutdown because doing so is inconsistent with ODOC's rules." Pl.'s Resp. to Mot. Dismiss 10 (doc. 26). These facts therefore do not intimate that defendants' allegedly wrongful actions or omissions were intentional, and the complaint actually undercuts plaintiff's claim in this regard. *See* Am. Compl. pg. 1 (doc. 14) ("ODOC's negligence in failing to inform the plaintiff of his ability to participate in the lottery constitutes a violation of its duty of care owed to Plaintiff as an incarcerated individual").

Moreover, it is difficult to decipher from the complaint whether plaintiff did not have a phone number at the time he became aware of the TYSO contest or failed to provide one to the ODOC. Either way, plaintiff, at some unspecified time, "informed TRCI medical Staff that he wanted to participate in the lottery [but] TRCI medical [did not add a phone number] until November 18, 2021, after the pool was extracted." *Id.* at pg. 6. There are no facts from which the Court could reasonably infer that plaintiff provided his phone number in a timely manner and he has otherwise not presented facts surrounding other similarly situated individuals.

Finally, plaintiff has not shown that the phone number requirement for TYSO entrants lacks a rational basis given that "[i]ndividuals needed to have phone numbers to be included in the data extract, because winners for the drawing were contacted by phone." *Jenkins*, 2026 WL 18565

---

[3] Facts surrounding kytes or grievances are not included in the complaint. *Cf. Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (when reviewing a Rule 12(b)(6) motion, "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss") (citation omitted). Nevertheless, the Court considers them here in light of plaintiff's pro se status.

Page 7 – OPINION AND ORDER

at *4 (citation and internal quotations omitted). Plaintiff's equal protection claim thus fails at the pleading level. [4]

### C.     Qualified Immunity

A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation and internal quotations omitted). Plaintiff has not cited, and the Court is not aware of, any authority evincing the right to participate in a state lottery is clearly established or that defendants were on fair notice that their actions were in violation thereof. *Cf. Dist. of Columbia v. Wesby*, 583 U.S. 48, 63-68 (2018) (reversing the lower court, explaining it erred by not "considering the facts as a whole [and instead taking] them one by one" and "dismiss[ing] outright any circumstances that were susceptible of innocent explanation," and granting qualified immunity to the defendant officers where the plaintiffs never identified a single precedent – much less a controlling case or robust consensus of cases – finding a Fourth Amendment violation "under similar circumstances") (citations and internal quotations omitted).

Indeed, the rules governing the TYSO contest plainly reflect that liability cannot lie under these circumstances. Or. Admin. R. 177-054-0100(3); *Jenkins*, 2026 WL 18565 at *4-6. As a result, the Court cannot find it would have been clear to an ODOC employee confronting an analogous situation that their actions were "plainly incompetent or [a knowing violation of] the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Defendants' motion is granted as to plaintiff's federal claims.

---

[4] To the extent plaintiff asserts a due process violations in his response, that claim also fails at the pleadings level. *See, e.g.*, Pl.'s Resp. to Mot. Dismiss 2-8 (doc. 26); *see also Jenkins*, 2026 WL 18565 at *4-6 ("participation in a state lottery is not a fundamental or constitutionally protected right") (collecting cases).

Page 8 – OPINION AND ORDER

## II.    State Law Claim

"The sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties . . . is an action under ORS 30.260 to 30.300." Or. Rev. Stat. § 30.265(2). In other words, the Oregon Tort Claims Act ("OTCA") "waives the state's sovereign immunity" for civil actions against public bodies and their officers brought in state court, and in exchange "imposes, as a matter of Oregon law, a legal limit on the amount of damages that a plaintiff may recover." *Horton v. Oregon Health & Sci. Univ.*, 359 Or. 168, 173, 376 P.3d 998 (2016).

Defendants contend "[p]unitive damages 'may not be awarded' [under the OTCA and plaintiff's] alleged damages for his fraud claim are less than the damages allowed under ORS 30.271, 30.272 or 30.273, [such that] the State is the only proper defendant." Defs.' Mot. Dismiss 8 (doc. 22). Defendants are correct as to the former. Or. Rev. Stat. § 30.269(1). However, as to the latter, plaintiff here is seeking $1,000,000 in compensatory damages and defendants do not compare this amount as it relates to the amounts set forth in the underlying statutes. *See generally id.* The Court therefore cannot conclude, based on defendants' briefing, that plaintiff's damages do not exceed the statutory caps set forth in Or. Rev. Stat. § 30.272 and/or Or. Rev. Stat. § 30.273. *Cf. Whitaker v. Steward*, 2025 WL 1865852, *6 (D. Or. July 7, 2025) ($152,790.82 in compensatory damages was "greater than that provided in ORS § 30.273," thereby rejecting the defendants' contention that the Eleventh Amendment barred the plaintiff's state law claims).

Regardless, plaintiff's fraud claim suffers from myriad pleading defects. Critically, allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Chiba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotations omitted); *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637

Page 9 – OPINION AND ORDER

F.3d 1047, 1055 (9th Cir. 2011) ("[t]o satisfy Rule 9(b)" – which applies to challenges raised under Fed. R. Civ. P. 12 – "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false") (citations and internal quotations omitted). Oregon law additionally requires facts demonstrating the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

*Cafasso*, 637 F.3d at 1055 (9th Cir. 2011) (citation and internal quotations omitted).

As noted above, plaintiff's factual allegations do not delineate any named defendant's actions, including the who, what, when, where, and how of the alleged misconduct or any false or misleading statement. Further, there are no facts surrounding detrimental reliance, especially in light of the plain language of Or. Admin. R. 177-054-0100(3).

## CONCLUSION

For the reasons stated herein, defendants' Motion to Dismiss (doc. 22) is granted. Any motion to amend the complaint must comply with this Opinion and Order and be filed within 30 days.

IT IS SO ORDERED

DATED this 3rd day of April, 2026.

_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge

Page 10 – OPINION AND ORDER